## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ESTATE OF STANLEY J. ZARZECKI, et al | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| | : | |
| WALNUT PARK PLAZA, LLC, et al | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| | | Walnut Park Plaza, LLC and |
| May 18, 2011 | Michael J. Dunn, Esquire | Equity Management II, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 215-545-3333 | 215-893-1220 | Michael.Dunn@MJDunnlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**JS 44** (Rev. 12/07)                **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ESTATE OF STANLEY J. ZARZECKI and CARA ZARZECKI | WALNUT PARK PLAZA, LLC and EQUITY MANAGEMENT II, LLC |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James J. Turner, Jr., Esq., Furia and Turner, 1719 Rittenhouse Square, Philadelphia, PA 19103; (215) 985-4500

Attorneys (If Known)
Michael J. Dunn, Esquire, Law Offices of Michael J. Dunn, LLC, 1520 Locust Street Suite 501, Philadelphia, PA 19102; (215) 545-3333

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
§1332, §1441, §1391
Brief description of cause:
Personal Injury/Wrongful Death Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $75,000    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _Michael A. D_____ DOCKET NUMBER _____

DATE
May 18, 2011

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
   Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: __2 Schollcrest Avenue, Deptford, New Jersey, 08096__

Address of Defendant: __14504 Greenview Drive, Suite 510, Laurel, MD, 20708__

Place of Accident, Incident or Transaction: __6250 Walnut Street, Philadelphia, Pennsylvania, 19139__
(Use Reverse Side For Additional Space)

Does this civil action involve a non-governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))
Yes☐  No☒

Does this case involve multi-district litigation possibilities?                                    Yes☐  No☒
RELATED CASE, IF ANY: N/A

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations

7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify)
**Wrongful Death Claim**
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

(Check appropriate Category)

I,_____Michael J. Dunn, Esquire_____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:_ May 18, 2011 _____        _____        44893_____
                                        Attorney-at-Law                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE:_ May 18, 2011 _____        _____        44893_____
                                        Attorney-at-Law                 Attorney I.D.#

CIV. 609 (6/08)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ESTATE OF STANLEY J. ZARZECKI, :
et al                         :
                V.            :          Civil Action
                              :          No: _____
WALNUT PARK PLAZA, LLC, et al :

## DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, <u>Equity Management II, LLC</u>
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

_____          _____
Date                         Signature

              Counsel for:  Equity Management II, LLC

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
      two copies of a disclosure statement that:
      (1)   identifies any parent corporation and any publicly held corporation
            owning 10% or more of its stock;  or

      (2)   states that there is no such corporation.

(b)  TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
      (1)   file the disclosure statement with its first appearance, pleading,
            petition, motion, response, or other request addressed to the court;
            and
      (2)   promptly file a supplemental statement if any required information
            changes.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
ESTATE OF STANLEY J. ZARZECKI, :
et al                          :
          V.                   :          Civil Action
                               :          No: _____
WALNUT PARK PLAZA, LLC, et al :
```

## DISCLOSURE STATEMENT FORM

Please check one box:

☒        The nongovernmental corporate party, <u>Walnut Park Plaza, LLC</u>
         , in the above listed civil action does not have any parent corporation and
         publicly held corporation that owns 10% or more of its stock.

☐        The nongovernmental corporate party, _____
         , in the above listed civil action has the following parent corporation(s) and
         publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

_____5/18/11_____              _____
     Date                                      Signature

                    Counsel for:   Walnut Park Plaza, LLC

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)    WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
       two copies of a disclosure statement that:
       (1)    identifies any parent corporation and any publicly held corporation
              owning10% or more of its stock; or

       (2)    states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
       (1)    file the disclosure statement with its first appearance, pleading,
              petition, motion, response, or other request addressed to the court;
              and
       (2)    promptly file a supplemental statement if any required information
              changes.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARA ZARZECKI, Administratrix of the :
Estate of Stanley J. Zarzecki and CARA :
ZARZECKI, individually and in her own :          CIVIL ACTION NO.
right                                 :
                                      :
          Plaintiffs      :
                                      :
vs.                                   :
                                      :
WALNUT PARK PLAZA, LLC; EQUITY :
MANAGEMENT II, LLC; CLEARWIRE :
US, LLC; and CLEAR WIRELESS, LLC; :
                                      :
          Defendants      :
                                      :

## NOTICE OF REMOVAL

TO:    The United States District Court
        for the Eastern District of Pennsylvania

      Defendants, Walnut Park Plaza, LLC, Equity Management II, LLC, Clearwire US, LLC and

Clear Wireless, LLC, by and through their undersigned counsel, file this Notices of Removal under

28 U.S.C. §1446(a). As grounds for removal, defendants aver as follows:

      1.    Plaintiffs' action arises out of injuries sustained by plaintiff's decedent on June 24,

2010. At or about that time, plaintiff's decedent, Stanley J. Zarzecki, allegedly fell approximately

ninety (90) feet to his death.

      2.    Plaintiffs' action was commenced by way of a Complaint filed in the Court of

Common Pleas of the First Judicial District of the Commonwealth of Pennsylvania (Philadelphia

County) on April 19, 2011, and is docketed at April Term, 2011, No. 02174. A true and correct copy

of plaintiff's Complaint is attached hereto as Exhibit "A".

3.     Plaintiff's decedent's Administratrix, Cara Zarzecki, alleges she is a citizen of the State of New Jersey.  See Exhibit "A", ¶1-2.

4.     Defendant Walnut Park Plaza, LLC is a Limited Liability Company organized and existing under the laws of the State of New York with its principal place of business in New York. No member of the LLC is a citizen of New Jersey.

5.     Defendant Equity Management II, LLC is a Limited Liability Company organized and existing under the laws of the State of Maryland with its principal place of business in Maryland. No member of the LLC is a citizen of New Jersey.

6.     Defendant Clearwire U.S., LLC is a Limited Liability Company organized and existing under the laws of the State of Nevada with its principal place of business in Washington. No member of the LLC is a citizen of New Jersey.

7.     Defendant Clear Wireless, LLC is a Limited Liability Company organized and existing under the laws of the State of Nevada with its principal place of business in Washington. No member of the LLC is a citizen of New Jersey.

8.     There is complete diversity of citizenship between the parties, at the time of the filing of plaintiffs' action and presently, since no plaintiff is the citizen of the same state as any defendant.

9.     The amount in controversy, as appearing from the allegations contained in the Complaint, exceeds the sum or value of $75,000.00, exclusive of interests and costs.

10.    Plaintiffs' action is removable from state court to the District Court of the United States pursuant to 28 U.S.C. §1332(a)(1) and §1441(a).

11.    Copies of all pleadings which have been received by defendant are filed herewith as Exhibit "B".  To date, no orders have been entered in this case.

12.     This Notice or Removal is timely, having been filed within thirty days of the receipt by Petitioners of a copy of the Complaint setting forth the claims for relief upon which plaintiffs' action is based. Petitioners were served with a copy of plaintiffs' Complaint on April 26, 2011. (See Docket Entries attached here as Exhibit "C").

WHEREFORE, notice is given that the instant action is removed from the Court of Common Pleas of the First Judicial District of Pennsylvania (Philadelphia County) to the United States District Court for the Eastern District of Pennsylvania.

LAW OFFICES OF MICHAEL J. DUNN, LLC


BY: _____
        MICHAEL J. QUINN, ESQ.
        1520 Locust Street, Suite 501
        Philadelphia, PA 19102
        (215) 545-3333
        Attorney for Defendants, Walnut Park,
        LP and Equity Management II, LLC


Dated: __May 18, 2011____


MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP


BY:___ /s/John G. Papianou_____
        JOHN G. PAPIANOU, ESQ.
        123 South Broad Street
        Philadelphia, PA  19109
        (215) 215-772-7389
        Attorney for Defendants, Clearwire
        US, LLC and Clear Wireless, LLC

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2011**

E-Filing Number: 1104031944

**002174**

PLAINTIFF'S NAME
CARA ZARZECKI

DEFENDANTS NAME
WALNUT PARK PLAZA, LLC

PLAINTIFF'S ADDRESS
2 SCHOLLCREST AVENUE
DEPTFORD NJ 08096

DEFENDANTS ADDRESS
6250 WALNUT STREET
PHILADELPHIA PA 19139

PLAINTIFFS NAME
CARA ZARZECKI

DEFENDANTS NAME
EQUITY MANAGEMENT II, LLC

PLAINTIFF'S ADDRESS
2 SCHOLLCREST AVENUE
DEPTFORD NJ 08096

DEFENDANTS ADDRESS
6250 WALNUT STREET
PHILADELPHIA PA 19139

PLAINTIFF'S NAME

DEFENDANTS NAME
CLEARWATER US LLC

PLAINTIFF'S ADDRESS

DEFENDANTS ADDRESS
4400 CARILLON POINT
KIRKLAND WA 98033

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 4 | ☒ Complaint<br>☐ Writ of Summons | ☐ Petition Action<br>☐ Transfer From Other Jurisdictions | ☐ Notice of Appeal |

AMOUNT IN CONTROVERSY | COURT PROGRAMS

☐ $50,000.00 or less
☒ More than $50,000.00

☐ Arbitration
☒ Jury
☐ Non-Jury
☐ Other:

☐ Mass Tort
☐ Savings Action
☐ Petition

☐ Commerce
☐ Minor Court Appeal
☐ Statutory Appeals

☐ Settlement
☐ Minors
☐ W D Survival

CASE TYPE AND CODE

2G - PERSONAL INJURY   OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

APR 19 2011

**S. GARRETT**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES       NO

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant. CARA ZARZECKI , CARA ZARZECKI

Papers may be served at the address set forth below.

NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY
JAMES M. TURNER, JR

ADDRESS
FURIA AND TURNER
1719 RITTENHOUSE SQUARE
PHILADELPHIA PA 19103

PHONE NUMBER
(215)985-4500

FAX NUMBER
(215)985 2824

SUPREME COURT IDENTIFICATION NO
39738

E-MAIL ADDRESS
jturner@furiaandturner.com

SIGNATURE OF FILING ATTORNEY OR PARTY
JAMES TURNER, JR

DATE SUBMITTED
Tuesday, April 19, 2011, 04:09 pm

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. CLEAR WIRELESS, LLC
   4400 CARILLON POINT
   KIRKLAND WA 98033
2. CLEARWIRE US LLC
   4400 CARILLON POINT
   KIRKLAND WA 98033
3. EQUITY MANAGEMENT II, LLC
   6250 WALNUT STREET
   PHILADELPHIA PA 19139
4. WALNUT PARK PLAZA, LLC
   6250 WALNUT STREET
   PHILADELPHIA PA 19139

Filed and Attested by
PROTHONOTARY
19 APR 2011 04:09 pm
S. GARRETT

FURIA and TURNER
BY: JAMES M. TURNER, JR., ESQUIRE                    Attorney for Plaintiff
Identification No.: 39738
1719 Rittenhouse Square
Philadelphia, PA 19103
Jturner@furiaandturner.com
(215) 985-4500

| Cara Zarzecki | : | COURT OF COMMON PLEAS |
| Administratrix of the Estate of | : | Philadelphia County |
| Stanley J. Zarzecki | : | |
| 2 Schollcrest Avenue | : | |
| Deptford, NJ 08096 | : | |
| | : | |
| AND | : | |
| | : | |
| Cara Zarzecki | : | |
| Individually and in her own right | : | |
| 2 Schollcrest Avenue | : | |
| Deptford, NJ 08096 | : | |
| | : | |
| vs | : | |
| | : | |
| Walnut Park Plaza, LLC | : | |
| 6250 Walnut Street | : | |
| Philadelphia, PA 19139 | : | |
| And | : | |
| | : | |
| EQUITY MANAGEMENT II, LCC | : | |
| 6250 Walnut Street | : | |
| Philadelphia, PA 19139 | : | |
| And | : | |
| | : | |
| Clearwire US, LLC | : | |
| 4400 Carillon Point | : | |
| Kirkland, WA 98033 | : | |
| And | : | |
| | : | |
| Clear Wireless, LLC | : | |
| 440 Carillon Point | : | |
| Kirkland, WA 98033 | : | |

COMPLAINT—CIVIL ACTION

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE:
One Reading Center
11th Floor
1101 Market Street
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY - (215) 451-6197

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO IMMEDIA TAMENTE. SI USTED NO TIENE ABOGADO O NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, VAYA EN PERSON AO LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR.
DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATARA UN ABOGADO, SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-1701
TTY-215-451-6197

THIS IS A MAJOR CASE - JURY TRIAL DEMANDED
ASSESSMENT OF DAMAGES HEARING IS REQUIRED

FURIA and TURNER                                    Attorney for Plaintiffs
James J. Turner, Jr., Esquire
Identification No.: 39738
1719 Rittenhouse Square
Philadelphia, PA  19103
(215) 985-4500

---

Cara Zarzecki                              :    COURT OF COMMON PLEAS
Administratrix of the Estate of            :    Philadelphia County
Stanley J. Zarzecki                        :
2 Schollcrest Avenue                       :
Deptford, NJ  08096                        :
                                           :
              AND                          :
                                           :
Cara Zarzecki                              :
Individually and in her own right          :
2 Schollcrest Avenue                       :
Deptford, NJ  08096                        :
                                           :
              vs.                          :
                                           :
Walnut Park Plaza, LLC                     :
6250 Walnut Street                         :
Philadelphia, PA  19139                    :
              And                          :
                                           :
EQUITY MANAGEMENT II, LCC                  :
6250 Walnut Street                         :
Philadelphia, PA   19139                   :
              And                          :
                                           :
Clearwire US, LLC                          :
4400 Carillon Point                        :
Kirkland, WA  98033                        :
              And                          :
                                           :
Clear Wireless, LLC                        :
440 Carillon Point                         :
Kirkland, WA  98033                        :

Case ID: 110402174

## COMPLAINT IN CIVIL ACTION

1.      Plaintiff, Cara Zarzecki, is an adult individual residing at 2 Schollerest Avenue Deptford, NJ 08096. By decree dated January 7th 2011, Plaintiff, Cara Zarzecki, was granted Letters of Administration for the Estate of Stanley J. Zarzecki, her husband, in and for the County of Gloucester, in the State of New Jersey. Plaintiff, Cara Zarzecki, brings this action on behalf of the Estate of Stanley J. Zarzecki. A true and correct copy of the Letters of Administration are attached hereto and marked as "Exhibit A."

2.      Plaintiff Cara Zarzecki is an adult individual and wife of decedent Stanley J. Zarzecki residing at 2 Schollerest Avenue, Deptford, NJ 08096. Said Plaintiff brings this action on her own behalf as well.

3.      Defendant, WALNUT PARK PLAZA, LCC, is a corporation, partnership, sole proprietorship, fictitious name, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 6250 Walnut Street, Philadelphia, PA 19104, and was at all times relevant herein the owners and/or managers of an apartment complex known as "WALNUT PARK PLAZA APARTMENTS" located at 6250 Walnut Street, Philadelphia, Pennsylvania.

4.      Defendant, Equity Management II, LCC, hereinafter referred to as "Equity Management" is a corporation, partnership, sole proprietorship, fictitious name, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 6250 Walnut Street, Philadelphia, Pennsylvania 19139, and at all times relevant herein was the owner and/or managers of an apartment complex known as "WALNUT PARK PLAZA APARTMENTS," located at 6250 Walnut Street, Philadelphia, Pennsylvania.

5. Defendant, Clearwire US, LLC, is a corporation, partnership, sole proprietorship, fictitious name, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 4400 Carillon Point, Kirkland WA 98033 and was at all times relevant herein in the business of providing telecommunication services for the apartment complex known as "WALNUT PARK PLAZA APARTMENTS," located at 6250 Walnut Street, Philadelphia, Pennsylvania.

6. Defendant, Clear Wireless, LLC, is a corporation, partnership, sole proprietorship, fictitious name, unincorporated association, or other legal entity doing business and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 4400 Carillon Point, Kirkland WA 98033 and was at all times relevant herein in the business of providing telecommunication services for the apartment complex known as "WALNUT PARK PLAZA APARTMENTS," located at 6250 Walnut Street, Philadelphia, Pennsylvania.

7. On or about June 24, 2010, at approximately 9:00 P.M., decedent, Stanley J. Zarzecki, was the on the roof of the property known as "Walnut Park Plaza Apartments," which said property is owned and operated by Defendants Equity Management and Walnut Park Plaza, LLC, performing telecommunication duties for his employer Champion Communication Corporation in close proximity to the Defendants' unprotected flat roof edges when suddenly and without warning Plaintiff's decedent was caused to fall from said roof, approximately ninety (90) feet at which time Plaintiff's decedent experienced catastrophic injuries, suffering, and severe pain leading to his untimely and premature death. A copy of the Certificate of Death is attached and marked as Exhibit "B."

## COUNT 1
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

8. Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein

by reference paragraphs 1 through 7, inclusive as fully as though the same were set forth herein at length.

9. On the aforesaid date and at all time relevant herein, Defendant, WALNUT PARK PLAZA LLC

a/k/a WALNUT PARK PLAZA APARTMENTS, was responsible for the property known as the Walnut Park

Plaza Apartments, including its unprotected flat roof edges.

10. All injuries, damages and losses sustained by Plaintiffs were caused by the carelessness and

negligence of Defendant WALNUT PARK PLAZA LLC a/k/a WALNUT PARK PLAZA APARTMENTS, by

and through its agents, servants, workmen or employees, which said carelessness and negligence consisted of,

but was not limited to the following:

      a. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without providing fall protection for said contractors;

      b. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof itself;

      c. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without barriers on the roof itself to protect individuals from falling from said roof;

      d. Negligently allowing contractors to work on its flat roof without the proper lighting conditions to do so;

      e. Failing to maintain the aforesaid apartment complex roof in a reasonably safe condition by permitting improper or inadequate lighting conditions to exist on said roof;

      f. Failing to warn its contractors of the dangerous condition therein which Defendants knew, or should have known existed for some

time prior to the aforesaid incident such as improper lighting to exist on the subject property's roof;

     g.    Failing to supervise its agents, servants and/or workmen and in failing to instruct them on the safe methods of providing proper lighting on its roof for the use of contractors utilizing said roof to perform their work duties;

     h.    Failing to personally inspect the roof in question to determine if said roof was safe for contractors to utilize while performing their work duties for their respective employer;

     i.    Acting in disregard of the rights and safety of the persons lawfully working for their respective employers while working on the roof in question by failing to provide fall protection for said contractors, failing to provide proper lighting for said contractors and in failing to provide barriers on the edge of the roof in question to protect said contractors;

     j.    Failing to warn Plaintiffs' decedent of the dangerous condition of its roof, by failing to warn the Plaintiffs' decedent that fall protection was not available to the decedent, that adequate lighting conditions did not exist for the decedent and that the edge of the roof in question did not provide barriers;

     k.    Being guilty of willful, wanton and gross misconduct and negligence in other respects by permitting the roof in question to exist without fall protection or barriers for contractors working on said roof;

     l.    Allowing and permitting contractors, such as Plaintiff's decedent to work on top of the roof in question when said roof was in an unsafe condition thus rendering the roof itself dangerous, unsafe, improper and unstable;

     m.    Failing to properly, maintain, supervise and/or direct their employees, agents, or workmen, providing a safe work place for contractors working on its property such as the Plaintiff's decedent;

     n.    Failing to inspect the aforesaid roof at reasonable intervals in order to determine the defective, dangerous and unsafe conditions thereon such as a lack of barriers existing on the edges of the roof, as well as improper lighting existing as well;

     o.    Disregarding the rights and safety of the Plaintiffs' decedent, and others lawfully using the roof in question by permitting the

Case ID: 110402174

roof in question to remain in a dangerous state when the same was lacking proper barriers on the edges;

p.      That said Defendants knew, or should have known, about the highly dangerous, defective, hazardous and unsafe condition of barriers lacking on the roof of the subject property;

q.      That said Defendants maintained the aforesaid roof of the subject property contrary to the general safety standards, precautionary standards, and other safety standards of the industry in violation of the appropriate federal, state and local laws, rules, regulations and code by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

r.      That said Defendants were negligent per se by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

s.      That said Defendants were otherwise negligent as may be determined through discovery proceedings pursuant to the Pennsylvania Rules of Civil Procedure;

t.      Permitting contractors who worked on its roof to work within such close proximity to the edge of the roof without proper fall protection, adequate lighting to do so an without proper barriers to preclude falls;

u.      That said Defendants knew, or should have known, of the highly dangerous, defective, hazardous and/or unsafe conditions existing, by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection at the time of the accident which is the subject of this matter and failed to warn the Plaintiff's decedent of its existence;

v.      That said Defendants failed to warn Plaintiffs' decedent of the hazardous, dangerous and defective condition upon the roof in question by failing to place warning signs in the vicinity of the edges on the roof itself;

w.      Said Defendants permitted the roof in question to become and to remain in a dangerous, defective, hazardous and unsafe condition so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully working on said roof;

Case ID: 110402174

6

x.     The dangerous conditions on the roof in question at the site of the accident which caused the death of Stanley Zarzecki were unnecessary and avoidable; however the Defendants knew that they existed for some time prior to the death of Stanley J. Zarzecki, and failed, or were negligent in failing, to act in order to eliminate or rectify same;

y.     The Defendants failed to effectively inspect the roof in question to ascertain the dangerous conditions existing on the roof, such as the lack of barriers near the edge of the roof, the inadequate lighting on the roof and the lack of fall protection available to contractors utilizing the roof to perform their work duties;

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI demands judgment against Defendant WALNUT PARK PLAZA LLC, a/k/a WALNUT PARK PLAZA APARTMENTS, in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT EQUITY MANAGEMENT II, LCC

11.     Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein by reference paragraphs 1 through 10, inclusive as fully as though the same were set forth herein at length.

12.     On the aforesaid date and at all time relevant herein, Defendant Equity Management II, LCC was responsible for the property known as the Walnut Park Plaza Apartments, including its parking lot entranceways and exits.

13.     All injuries, damages and losses sustained by Plaintiffs were caused by the carelessness and negligence of Defendant Equity Management II, LCC by and through its agents, servants, workmen or employees, which said carelessness and negligence consisted of, but was not limited to the following:

Case ID: 110402174

7

a. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without providing fall protection for said contractors;

b. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof itself;

c. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without barriers on the roof itself to protect individuals from falling from said roof;

d. Negligently allowing contractors to work on its flat roof without the proper lighting conditions to do so;

e. Failing to maintain the aforesaid apartment complex roof in a reasonably safe condition by permitting improper or inadequate lighting conditions to exist on said roof;

f. Failing to warn its contractors of the dangerous condition therein which Defendants knew, or should have known existed for some time prior to the aforesaid incident such as improper lighting to exist on the subject property's roof;

g. Failing to supervise its agents, servants and/or workmen and in failing to instruct them on the safe methods of providing proper lighting on its roof for the use of contractors utilizing said roof to perform their work duties;

h. Failing to personally inspect the roof in question to determine if said roof was safe for contractors to utilize while performing their work duties for their respective employer;

i. Acting in disregard of the rights and safety of the persons lawfully working for their respective employers while working on the roof in question by failing to provide fall protection for said contractors, failing to provide proper lighting for said contractors and in failing to provide barriers on the edge of the roof in question to protect said contractors;

j. Failing to warn Plaintiffs' decedent of the dangerous condition of its roof, by failing to warn the Plaintiffs' decedent that fall protection was not available to the decedent, that adequate lighting conditions did not exist for the decedent and that the edge of the roof in question did not provide barriers;

8

k.      Being guilty of willful, wanton and gross misconduct and negligence in other respects by permitting the roof in question to exist without fall protection or barriers for contractors working on said roof;

l.      Allowing and permitting contractors, such as Plaintiff's decedent to work on top of the roof in question when said roof was in an unsafe condition thus rendering the roof itself dangerous, unsafe, improper and unstable;

m.      Failing to properly, maintain, supervise and/or direct their employees, agents, or workmen, providing a safe work place for contractors working on its property such as the Plaintiff's decedent;

n.      Failing to inspect the aforesaid roof at reasonable intervals in order to determine the defective, dangerous and unsafe conditions thereon such as a lack of barriers existing on the edges of the roof, as well as improper lighting existing as well;

o.      Disregarding the rights and safety of the Plaintiffs' decedent, and others lawfully using the roof in question by permitting the roof in question to remain in a dangerous state when the same was lacking proper barriers on the edges;

p.      That said Defendants knew, or should have known, about the highly dangerous, defective, hazardous and unsafe condition of barriers lacking on the roof of the subject property;

q.      That said Defendants maintained the aforesaid roof of the subject property contrary to the general safety standards, precautionary standards, and other safety standards of the industry in violation of the appropriate federal, state and local laws, rules, regulations and code by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

r.      That said Defendants were negligent per se by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

s.      That said Defendants were otherwise negligent as may be determined through discovery proceedings pursuant to the Pennsylvania Rules of Civil Procedure;

t.      Permitting contractors who worked on its roof to work within such close proximity to the edge of the roof without proper fall

9

protection, adequate lighting to do so an without proper barriers to preclude falls;

u.    That said Defendants knew, or should have known, of the highly dangerous, defective, hazardous and/or unsafe conditions existing, by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection at the time of the accident which is the subject of this matter and failed to warn the Plaintiff's decedent of its existence;

v.    That said Defendants failed to warn Plaintiffs' decedent of the hazardous, dangerous and defective condition upon the roof in question by failing to place warning signs in the vicinity of the edges on the roof itself;

w.    Said Defendants permitted the roof in question to become and to remain in a dangerous, defective, hazardous and unsafe condition so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully working on said roof;

x.    The dangerous conditions on the roof in question at the site of the accident which caused the death of Stanley Zarzecki were unnecessary and avoidable; however the Defendants knew that they existed for some time prior to the death of Stanley J. Zarzecki, and failed, or were negligent in failing, to act in order to eliminate or rectify same;

y.    The Defendants failed to effectively inspect the roof in question to ascertain the dangerous conditions existing on the roof, such as the lack of barriers near the edge of the roof, the inadequate lighting on the roof and the lack of fall protection available to contractors utilizing the roof to perform their work duties;

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J.

ZARZECKI demands judgment against Defendant Equity Management II, LCC in a sum in excess of Fifty

Thousand ($50,000.00) Dollars.

COUNT III
PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF
STANLEY J. ZARZECKI vs. DEFENDANT, CLEARWIRE US, LLC

14. Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein by reference paragraphs 1 through 13, inclusive as fully as though the same were set forth herein at length.

15. On the aforesaid date and at all time relevant herein, Defendant, Clearwire US, LLC, was responsible for the property known as the Walnut Park Plaza Apartments, including its parking lot entrances and exits.

16. All injuries, damages and losses sustained by Plaintiffs were caused by the carelessness and negligence of Defendant, Clearwire US, LLC by and through its agents, servants, workmen or employees, which said carelessness and negligence consisted of, but was not limited to the following:

> a. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without providing fall protection for said contractors;

> b. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof itself;

> c. Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without barriers on the roof itself to protect individuals from falling from roof;

> d. Negligently allowing contractors to work on its flat roof without the proper lighting conditions to do so;

> e. Failing to maintain the aforesaid apartment complex roof in a reasonably safe condition by permitting improper or inadequate lighting conditions to exist on said roof;

> f. Failing to warn its contractors of the dangerous condition therein which Defendants knew, or should have known existed for some time prior to the aforesaid incident such as improper lighting to exist on the subject property's roof;

> g. Failing to supervise its agents, servants and/or workmen and in failing to instruct them on the safe methods of providing proper lighting on its roof for the use of contractors utilizing said roof to perform their work duties;

> h. Failing to personally inspect the roof in question to determine if said roof was safe for contractors to utilize while performing their work duties for their respective employer;

i.     Acting in disregard of the rights and safety of the persons lawfully working for their respective employers while working on the roof in question by failing to provide fall protection for said contractors, failing to provide proper lighting for said contractors and in failing to provide barriers on the edge of the roof in question to protect said contractors;

j.     Failing to warn Plaintiffs' decedent of the dangerous condition of its roof, by failing to warn the Plaintiffs' decedent that fall protection was not available to the decedent, that adequate lighting conditions did not exist for the decedent and that the edge of the roof in question did not provide barriers;

k.     Being guilty of willful, wanton and gross misconduct and negligence in other respects by permitting the roof in question to exist without fall protection or barriers for contractors working on said roof;

l.     Allowing and permitting contractors, such as Plaintiff's decedent to work on top of the roof in question when said roof was in an unsafe condition thus rendering the roof itself dangerous, unsafe, improper and unstable;

m.     Failing to properly, maintain, supervise and/or direct their employees, agents, or workmen, providing a safe work place for contractors working on its property such as the Plaintiff's decedent;

n.     Failing to inspect the aforesaid roof at reasonable intervals in order to determine the defective, dangerous and unsafe conditions thereon such as a lack of barriers existing on the edges of the roof, as well as improper lighting existing as well;

o.     Disregarding the rights and safety of the Plaintiffs' decedent, and others lawfully using the roof in question by permitting the roof in question to remain in a dangerous state when the same was lacking proper barriers on the edges;

p.     That said Defendants knew, or should have known, about the highly dangerous, defective, hazardous and unsafe condition of barriers lacking on the roof of the subject property;

q.     That said Defendants maintained the aforesaid roof of the subject property contrary to the general safety standards, precautionary standards, and other safety standards of the industry in violation of the appropriate federal, state and local laws, rules, regulations and code by permitting contractors and others to work on said roof without the proper

barriers on the edge of the roof, and without adequate lighting and fall protection;

r. That said Defendants were negligent per se by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

s. That said Defendants were otherwise negligent as may be determined through discovery proceedings pursuant to the Pennsylvania Rules of Civil Procedure;

t. Permitting contractors who worked on its roof to work within such close proximity to the edge of the roof without proper fall protection, adequate lighting to do so an without proper barriers to preclude falls;

u. That said Defendants knew, or should have known, of the highly dangerous, defective, hazardous and/or unsafe conditions existing, by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection at the time of the accident which is the subject of this matter and failed to warn the Plaintiff's decedent of its existence;

v. That said Defendants failed to warn Plaintiffs' decedent of the hazardous, dangerous and defective condition upon the roof in question by failing to place warning signs in the vicinity of the edges on the roof itself;

w. Said Defendants permitted the roof in question to become and to remain in a dangerous, defective, hazardous and unsafe condition so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully working on said roof;

x. The dangerous conditions on the roof in question at the site of the accident which caused the death of Stanley Zarzecki were unnecessary and avoidable; however the Defendants knew that they existed for some time prior to the death of Stanley J. Zarzecki, and failed, or were negligent in failing, to act in order to eliminate or rectify same;

y. The Defendants failed to effectively inspect the roof in question to ascertain the dangerous conditions existing on the roof, such as the lack of barriers near the edge of the roof, the inadequate lighting on the roof and the lack of fall protection available to contractors utilizing the roof to perform their work duties;

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clearwire US, LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT IV
### PLAINTIFF, CARA ZARZECKI by the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT, CLEAR WIRELESS, LLC

17. Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein by reference paragraphs 1 through 16, inclusive as fully as though the same were set forth herein at length.

18. On the aforesaid date and at all time relevant herein, Defendant, Clear Wireless LLC, was responsible for the property known as the Walnut Park Plaza Apartments, including its parking lot entrances and exits.

19. All injuries, damages and losses sustained by Plaintiffs were caused by the carelessness and negligence of Defendant, Clear Wireless LLC by and through its agents, servants, workmen or employees, which said carelessness and negligence consisted of, but was not limited to the following:

      a.     Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without providing fall protection for said contractors;

      b.     Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof itself;

      c.     Negligently allowing contractors to work on its flat roof within one foot of the edge of the roof without barriers on the roof itself to protect individuals from falling from roof;

      d.     Negligently allowing contractors to work on its flat roof without the proper lighting conditions to do so;

e.     Failing to maintain the aforesaid apartment complex roof in a reasonably safe condition by permitting improper or inadequate lighting conditions to exist on said roof;

f.     Failing to warn its contractors of the dangerous condition therein which Defendants knew, or should have known existed for some time prior to the aforesaid incident such as improper lighting to exist on the subject property's roof;

g.     Failing to supervise its agents, servants and/or workmen and in failing to instruct them on the safe methods of providing proper lighting on its roof for the use of contractors utilizing said roof to perform their work duties;

h.     Failing to personally inspect the roof in question to determine if said roof was safe for contractors to utilize while performing their work duties for their respective employer;

i.     Acting in disregard of the rights and safety of the persons lawfully working for their respective employers while working on the roof in question by failing to provide fall protection for said contractors, failing to provide proper lighting for said contractors and in failing to provide barriers on the edge of the roof in question to protect said contractors;

j.     Failing to warn Plaintiffs' decedent of the dangerous condition of its roof, by failing to warn the Plaintiffs' decedent that fall protection was not available to the decedent, that adequate lighting conditions did not exist for the decedent and that the edge of the roof in question did not provide barriers;

k.     Being guilty of willful, wanton and gross misconduct and negligence in other respects by permitting the roof in question to exist without fall protection or barriers for contractors working on said roof;

l.     Allowing and permitting contractors, such as Plaintiff's decedent to work on top of the roof in question when said roof was in an unsafe condition thus rendering the roof itself dangerous, unsafe, improper and unstable;

m.     Failing to properly, maintain, supervise and/or direct their employees, agents, or workmen, providing a safe work place for contractors working on its property such as the Plaintiff's decedent;

n.     Failing to inspect the aforesaid roof at reasonable intervals in order to determine the defective, dangerous and unsafe conditions

Case ID: 110402174

thereon such as a lack of barriers existing on the edges of the roof, as well as improper lighting existing as well;

o.     Disregarding the rights and safety of the Plaintiffs' decedent, and others lawfully using the roof in question by permitting the roof in question to remain in a dangerous state when the same was lacking proper barriers on the edges;

p.     That said Defendants knew, or should have known, about the highly dangerous, defective, hazardous and unsafe condition of barriers lacking on the roof of the subject property;

q.     That said Defendants maintained the aforesaid roof of the subject property contrary to the general safety standards, precautionary standards, and other safety standards of the industry in violation of the appropriate federal, state and local laws, rules, regulations and code by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

r.     That said Defendants were negligent per se by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection;

s.     That said Defendants were otherwise negligent as may be determined through discovery proceedings pursuant to the Pennsylvania Rules of Civil Procedure;

t.     Permitting contractors who worked on its roof to work within such close proximity to the edge of the roof without proper fall protection, adequate lighting to do so an without proper barriers to preclude falls;

u.     That said Defendants knew, or should have known, of the highly dangerous, defective, hazardous and/or unsafe conditions existing, by permitting contractors and others to work on said roof without the proper barriers on the edge of the roof, and without adequate lighting and fall protection at the time of the accident which is the subject of this matter and failed to warn the Plaintiff's decedent of its existence;

v.     That said Defendants failed to warn Plaintiffs' decedent of the hazardous, dangerous and defective condition upon the roof in question by failing to place warning signs in the vicinity of the edges on the roof itself;

Case ID: 110402174

w.    Said Defendants permitted the roof in question to become and to remain in a dangerous, defective, hazardous and unsafe condition so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully working on said roof;

x.    The dangerous conditions on the roof in question at the site of the accident which caused the death of Stanley Zarzecki were unnecessary and avoidable; however the Defendants knew that they existed for some time prior to the death of Stanley J. Zarzecki, and failed, or were negligent in failing, to act in order to eliminate or rectify same;

y.    The Defendants failed to effectively inspect the roof in question to ascertain the dangerous conditions existing on the roof, such as the lack of barriers near the edge of the roof, the inadequate lighting on the roof and the lack of fall protection available to contractors utilizing the roof to perform their work duties;

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clear Wireless LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT V
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

20. Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein by reference paragraphs 1 through 19, inclusive as fully as though the same were set forth herein at length.

21. Plaintiff, CARA ZARZECKI is the Administratrix of the Estate of STANLEY J. ZARZECKI the deceased, and was so appointed on January 7th 2011.

22. The individual entitled to recover damages for the wrongful death of STANLEY J. ZARZECKI, Plaintiff's decedent, is as follows:

NAME                ADDRESS           RELATIONSHIP TO

DECEDENT

CARA ZARZECKI      2 Schollcrest Ave.          Wife
                          Deptford, NJ  08096

23. Plaintiff, CARA ZARZECKI, brings this action on behalf of the survivors of STANLEY J. ZARZECKI, by virtue of the Act of 1976, July 9, P.L. 586, 142, §2 effective June 27, 1978, 42 PA. C.S. §8301 and P.R.C.P. 2202(a) to recover all damages legally or appropriate there under, together with prejudgment interest from the date of this accident, pursuant to Pennsylvania law.

24. Decedent, STANLY J. ZARZECKI, did not bring an action on his own during his lifetime for the injuries he sustained in this accident, nor has any other action pertaining to his death been commenced against the Defendant named herein.

25. As a direct and proximate result of Defendant's negligence, as aforesaid, decedent's wife, Cara Zarzecki has suffered pecuniary losses and have incurred the following expenses:

    a.     funeral expenses for the decedent;
    b.     expenses of Administration in relation to decedent's injuries;
    c.     the Plaintiff's deprivation and injury as a result of the loss of the support, consortium, comfort, counsel, aid, association, care and services of the decedent; and
    d.     such other damages as are permissible in a wrongful death action.

26.    By reason of the death of Stanley J. Zarzecki, decedent's wife, Cara Zarzecki has suffered pecuniary losses for:

    a.     the value of services Stanley would have performed for his family had he lived;

    b.     the loss of contribution Stanley would have made to his family for:
           i.   shelter;
           ii.  food;
           iii.  clothing;
           iv.  medical care;

v. gifts;
vi. entertainment;
vii. recreation;
viii. transportation;
ix. support; and financial assistance

c. the loss of provision by Stanley to his family of:

i. actual companionship in sense of physical activity;
ii. society
iii. physical comfort
iv. guidance;
v. solace;
vi. protection;
vii. aid;
viii. care and living assistance; and
ix. managing lives and affairs if his family is no longer are able to do so.

d. the loss of household services; yard services and shopping services Stanley would have provided for his family.

27. As a result of the death of STANLEY J. ZARZECKI, said survivor, Cara Zarzecki has been deprived of the aid, comfort, companionship, society, guidance, solace, protection and support that she would have received from him for the remainder of his life.

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

COUNT VI
PLAINTIFF, CARA ZARZECKI BY AND FOR THE ESTATE OF
STANLEY J. ZARZECKI vs. DEFENDANT WALNUT PARK PLAZA, LLC a/k/a WALNUT
PARK PLAZA APARTMENTS

Case ID: 110402174

28.    Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI incorporates herein by reference paragraphs 1 through 27, inclusive as fully as though the same were set forth herein at length.

29.    Plaintiff, CARA ZARZECKI, brings this action on behalf of the Estate of STANLEY J. ZARZECKI, deceased under and by virtue of the Act of July 9, P.L. 586 §2, 42 Pa. C.S. §8302, 20 Pa. C.S. §3371.

30.    As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Plaintiff's decedent was subject to a great deal of physical pain and agony.

31.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent suffered great emotional harm and distress, shock and injury to the nerves and nervous system, anxiety and pre-impact fright.

32.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent was deprived of the ordinary pleasures of life.

33.    As a direct and proximate result of Defendant's aforesaid acts of negligence, the decedent suffered and Defendant is liable to Plaintiff for the following damages:

a.    Decedent's pain and suffering from the time of his injuries until the time of death;
b.    Decedent's total estimated future earning power, less his estimated     cost of personal maintenance;
c.    Decedent's loss of retirement and social security income;
d.    Decedent's other financial loss suffered as a result of his death; and
e.    Decedent's loss of enjoyment of life.

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

Case ID: 110402174

## COUNT VII
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT, EQUITY MANAGEMENT II, LCC

34.    Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates herein by reference paragraphs 1 through 33, inclusive as fully as though the same were set forth herein at length.

35.    Plaintiff, CARA ZARZECKI is the Administratrix of the Estate of STANLEY J. ZARZECKI, the deceased, and was so appointed on January 7th 2011.

36.    The individual entitled to recover damages for the wrongful death of STANLEY J. ZARZECKI, Plaintiff's decedent, is as follows:

| NAME | ADDRESS | RELATIONSHIP TO DECEDENT |
|------|---------|--------------------------|
| CARA ZARZECKI | 2 Schollcrest Avenue Deptford, New Jersey 08096 | Wife |

37.    Plaintiff, CARA ZARZECKI, brings this action on behalf of the survivors of STANLEY J. ZARZECKI, by virtue of the Act of 1976, July 9, P.L. 586, 142, §2 effective June 27, 1978, 42 PA. C.S. §8301 and P.R.C.P. 2202(a) to recover all damages legally or appropriate there under, together with prejudgment interest from the date of this accident, pursuant to Pennsylvania law.

38.    Decedent, STANLEY J. ZARZECKI, did not bring an action on his own during his lifetime for the injuries he sustained in this accident, nor has any other action pertaining to his death been commenced against the Defendant named herein.

39.    As a direct and proximate result of Defendant's negligence, as aforesaid, Plaintiff's decedent suffered and Defendant is liable for the following damages.

a.    funeral expenses for the decedent;

Case ID: 110402174

b.     expenses of Administration in relation to decedent's injuries;

c.     the Plaintiff's deprivation and injury as a result of the loss of the support, consortium, comfort, counsel, aid, association, care and services of the decedent; and

d.     such other damages as are permissible in a wrongful death action.

40.     By reason of the death of Stanley J. Zarzecki, decedent's husband, Cara Zarzecki has suffered pecuniary losses for:

a.     the value of services Stanley would have performed for his family had he lived;

b.     the loss of contribution Stanley would have made to his family for:

         i.      shelter;
         ii.     food;
         iii.    clothing;
         iv.     medical care;
         v.      gifts;
         vi.     entertainment;
         vii.    recreation;
         viii.   transportation;
         ix.     support; and financial assistance

c.     the loss of provision by Stanley to his family of:

         i.      actual companionship in sense of physical activity;
         ii.     society
         iii.    physical comfort
         iv.     guidance;
         v.      solace;
         vi.     protection;
         vii.    aid;
         viii.   care and living assistance; and
         ix.     managing lives and affairs if his family is no longer are able to do so.

d.     the loss of household services; yard services and shopping services Stanley would have provided for his family.

41.     As a result of the death of STANLEY J. ZARZECKI, said survivor, Cara Zarzecki has been deprived of the aid, comfort, companionship, society, guidance, solace, protection and support that she would have received from him for the remainder of his life.

Case ID: 110402174

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI demands judgment against Defendant, EQUITY MANAGEMENT II, LCC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT VIII
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF CARA ZARZECKI, JR. vs. DEFENDANT EQUITY MANAGEMENT II, LCC

42.     Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates herein by reference paragraphs 1 through 41, inclusive as fully as though the same were set forth herein at length.

43.     Plaintiff, CARA ZARZECKI, brings this action on behalf of the Estate of STANLEY J. ZARZECKI, deceased under and by virtue of the Act of July 9, P.L. 586 §2, 42 Pa. C.S. §8302, 20 Pa. C.S. §3371.

44.     As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Plaintiff's decedent was subject to a great deal of physical pain and agony.

45.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent suffered great emotional harm and distress, shock and injury to the nerves and nervous system, anxiety and pre-impact fright.

46.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent was deprived of the ordinary pleasures of life.

47.     As a direct and proximate result of Defendant's aforesaid acts of negligence, the decedent suffered and Defendant is liable to Plaintiff for the following damages:

a.      Decedent's pain and suffering from the time of his injuries until the time of death;
b.      Decedent's total estimated future earning power, less his estimated     cost of personal maintenance;
c.      Decedent's loss of retirement and social security income;
d.      Decedent's other financial loss suffered as a result of his death; and

Case ID: 110402174

23

e.        Decedent's loss of enjoyment of life.

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J.

ZARZECKI, demands judgment against Defendant EQUITY MANAGEMENT II, LCC

in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

**COUNT IX**
**PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF**
**CARA ZARZECKI, JR. vs. DEFENDANT,CLEARWIRE US, LLC**

48.    Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates

herein by reference paragraphs 1 through 47, inclusive as fully as though the same were set forth herein at

length.

49.    Plaintiff, CARA ZARZECKI is the Administratrix of the Estate of STANLEY J. ZARZECKI,

the deceased, and was so appointed on January 7th, 2011.

50.    The individual entitled to recover damages for the wrongful death of STANLEY J. ZARZECKI,

Plaintiff's decedent, is as follows:

NAME                      ADDRESS                    RELATIONSHIP TO

DECEDENT

CARA ZARZECKI        2 Schollcrest Avenue       Wife
                     Deptford, New Jersey 08096

51.    Plaintiff, CARA ZARZECKI, brings this action on behalf of the survivors of STANLEY J.

ZARZECKI, by virtue of the Act of 1976, July 9, P.L. 586, 142, §2 effective June 27, 1978, 42 PA. C.S. §8301

and P.R.C.P. 2202(a) to recover all damages legally or appropriate there under, together with prejudgment

interest from the date of this accident, pursuant to Pennsylvania law.

Case ID: 110402174

52.   Decedent, STANLEY J. ZARZECKI, did not bring an action on his own during his lifetime for the injuries he sustained in this accident, nor has any other action pertaining to his death been commenced against the Defendant named herein.

53.   As a direct and proximate result of Defendant's negligence, as aforesaid, Plaintiff's decedent suffered and Defendant is liable for the following damages.

    a.    funeral expenses for the decedent;
    b.    expenses of Administration in relation to decedent's injuries;
    c.    the Plaintiff's deprivation and injury as a result of the loss of the support, consortium, comfort, counsel, aid, association, care and services of the decedent; and
    d.    such other damages as are permissible in a wrongful death action.

54.   By reason of the death of Stanley J. Zarzecki, Jr. decedent's wife, Cara Zarzecki has suffered pecuniary losses for:

    a.    the value of services Stanley would have performed for his family had he lived;

    b.    the loss of contribution Stanley would have made to his family for:

        i.      shelter;
        ii.     food;
        iii.    clothing;
        iv.    medical care;
        v.      gifts;
        vi.    entertainment;
        vii.   recreation;
        viii.   transportation;
        ix.    support; and financial assistance

    c.    the loss of provision by Stanley to his wife of:

        i.      actual companionship in sense of physical activity;
        ii.     society
        iii.    physical comfort
        iv.    guidance;
        v.      solace;
        vi.    protection;
        vii.   aid;

Case ID: 110402174

        viii.     care and living assistance; and
        ix.      managing lives and affairs if his family is no longer are able to do so.

    d.    the loss of household services; yard services and shopping services Stanley would have provided for his family.

    55.    As a result of the death of STANLEY J. ZARZECKI, said survivor, CARA ZARZECKI has been deprived of the aid, comfort, companionship, society, guidance, solace, protection and support that she would have received from him for the remainder of his life.

    WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clearwire US, LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT X
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF CARA ZARZECKI, JR. vs. DEFENDANT. CLEARWIRE US, LLC

    56.    Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates herein by reference paragraphs 1 through 55, inclusive as fully as though the same were set forth herein at length.

    57.    Plaintiff, CARA ZARZECKI, brings this action on behalf of the Estate of STANLEY J. ZARZECKI, deceased under and by virtue of the Act of July 9, P.L. 586 §2, 42 Pa. C.S. §8302, 20 Pa. C.S. §3371.

    58.    As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Plaintiff's decedent was subject to a great deal of physical pain and agony.

59.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent suffered great emotional harm and distress, shock and injury to the nerves and nervous system, anxiety and pre-impact fright.

60.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent was deprived of the ordinary pleasures of life.

61.    As a direct and proximate result of Defendant's aforesaid acts of negligence, the decedent suffered and Defendant is liable to Plaintiff for the following damages:

a.    Decedent's pain and suffering from the time of his injuries until the time of death;
b.    Decedent's total estimated future earning power, less his estimated      cost of personal maintenance;
c.    Decedent's loss of retirement and social security income;
d.    Decedent's other financial loss suffered as a result of his death; and
e.    Decedent's loss of enjoyment of life.

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clearwire US, LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT XI
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF CARA ZARZECKI, JR. vs. DEFENDANT, CLEAR WIRELESS LLC

62.    Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates herein by reference paragraphs 1 through 61, inclusive as fully as though the same were set forth herein at length.

63.    Plaintiff, CARA ZARZECKI is the Administratrix of the Estate of STANLEY J. ZARZECKI, the deceased, and was so appointed on January 7th, 2011.

Case ID: 110402174

64.     The individual entitled to recover damages for the wrongful death of STANLEY J. ZARZECKI, Plaintiff's decedent, is as follows:

NAME                    ADDRESS              RELATIONSHIP TO

DECEDENT

CARA ZARZECKI         2 Schollerest Avenue         Wife
                      Deptford, New Jersey 08096

65.     Plaintiff, CARA ZARZECKI, brings this action on behalf of the survivors of STANLEY J. ZARZECKI, by virtue of the Act of 1976, July 9, P.L. 586, 142, §2 effective June 27, 1978, 42 PA. C.S. §8301 and P.R.C.P. 2202(a) to recover all damages legally or appropriate there under, together with prejudgment interest from the date of this accident, pursuant to Pennsylvania law.

66.     Decedent, STANLEY J. ZARZECKI, did not bring an action on his own during his lifetime for the injuries he sustained in this accident, nor has any other action pertaining to his death been commenced against the Defendant named herein.

67.     As a direct and proximate result of Defendant's negligence, as aforesaid, Plaintiff's decedent suffered and Defendant is liable for the following damages.

a.     funeral expenses for the decedent;
b.     expenses of Administration in relation to decedent's injuries;
c.     the Plaintiff's deprivation and injury as a result of the loss of the support, consortium, comfort, counsel, aid, association, care and services of the decedent; and
d.     such other damages as are permissible in a wrongful death action.

68.     By reason of the death of Stanley J. Zarzecki, Jr. decedent's wife, Cara Zarzecki has suffered pecuniary losses for:

a.     the value of services Stanley would have performed for his family had he lived;

b.     the loss of contribution Stanley would have made to his family for:

Case ID: 110402174

      i.      shelter;
      ii.     food;
      iii.    clothing;
      iv.   medical care;
      v.     gifts;
      vi.    entertainment;
      vii.   recreation;
      viii.  transportation;
      ix.    support; and financial assistance

c.    the loss of provision by Stanley to his wife of:

      i.      actual companionship in sense of physical activity;
      ii.     society
      iii.    physical comfort
      iv.   guidance;
      v.     solace;
      vi.    protection;
      vii.   aid;
      viii.  care and living assistance; and
      ix.    managing lives and affairs if his family is no longer are able to do so.

d.    the loss of household services; yard services and shopping services Stanley would have provided for his family.

69.    As a result of the death of STANLEY J. ZARZECKI, said survivor, CARA ZARZECKI has been deprived of the aid, comfort, companionship, society, guidance, solace, protection and support that she would have received from him for the remainder of his life.

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clear Wireless LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT XII
### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF

Case ID: 110402174

## CARA ZARZECKI, JR. vs. DEFENDANT, CLEAR WIRELESS LLC

70.     Plaintiff, CARA ZARZECKI by and for the Estate of STANLEY J. ZARZECKI, incorporates herein by reference paragraphs 1 through 69, inclusive as fully as though the same were set forth herein at length.

71.     Plaintiff, CARA ZARZECKI, brings this action on behalf of the Estate of STANLEY J. ZARZECKI, deceased under and by virtue of the Act of July 9, P.L. 586 §2, 42 Pa. C.S. §8302, 20 Pa. C.S. §3371.

72.     As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant, Plaintiff's decedent was subject to a great deal of physical pain and agony.

73.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent suffered great emotional harm and distress, shock and injury to the nerves and nervous system, anxiety and pre-impact fright.

74.     As a direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff's decedent was deprived of the ordinary pleasures of life.

75.     As a direct and proximate result of Defendant's aforesaid acts of negligence, the decedent suffered and Defendant is liable to Plaintiff for the following damages:

| | |
|---|---|
| a. | Decedent's pain and suffering from the time of his injuries until the time of death; |
| b. | Decedent's total estimated future earning power, less his estimated        cost of personal maintenance; |
| c. | Decedent's loss of retirement and social security income; |
| d. | Decedent's other financial loss suffered as a result of his death; and |
| e. | Decedent's loss of enjoyment of life. |

WHEREFORE, Plaintiff, CARA ZARZECKI, Administratrix of the Estate of STANLEY J. ZARZECKI, demands judgment against Defendant, Clear Wireless LLC in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT XIII
### PLAINTIFF, CARA ZARZECKI V,
### DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a  WALNUT PARK PLAZA APARTMENTS

76.     Plaintiff, CARA ZARZECKI incorporate herein by reference paragraphs 1 through 75 inclusive as fully as though the same were set forth herein at length.

77.     As a direct result of the aforesaid circumstances, Plaintiff CARA ZARZECKI as wife of STANLEY J. ZARZECKI, have been and will in the future be deprived of the aid, comfort, society and companionship of her husband STANLEY J. ZARZECKI.

WHEREFORE, Plaintiff CARA ZARZECKI demand judgment against Defendant, WALNUT PARK PLAZA, LLC a/k/a  WALNUT PARK PLAZA APARTMENTS in a sum in excess Fifty Thousand ($50,000.00) Dollars.

## COUNT XIV
### PLAINTIFF CARA ZARZECKI V,
### DEFENDANT EQUITY MANAGEMENT II, LCC

78.     Plaintiff, CARA ZARZECKI incorporate herein by reference paragraphs 1 through 77 inclusive as fully as though the same were set forth herein at length.

79.     As a direct result of the aforesaid circumstances, Plaintiff CARA ZARZECKI as wife of STANLEY J. ZARZECKI, have been and will in the future be deprived of the aid, comfort, society and companionship of her husband STANLEY J. ZARZECKI.

WHEREFORE, Plaintiff CARA ZARZECKI demands judgment against Defendant, EQUITY MANAGEMENTII, LCC in a sum in excess Fifty Thousand ($50,000.00) Dollars.

Case ID: 110402174

## COUNT XV
### PLAINTIFF CARA ZARZECKI V.
### DEFENDANT CLEAR WIRE

80.    Plaintiff, CARA ZARZECKI incorporate herein by reference paragraphs 1 through 79 inclusive as fully as though the same were set forth herein at length.

81.    As a direct result of the aforesaid circumstances, Plaintiff CARA ZARZECKI as wife of STANLEY J. ZARZECKI, have been and will in the future be deprived of the aid, comfort, society and companionship of her husband STANLEY J. ZARZECKI.

WHEREFORE, Plaintiff CARA ZARZECKI demands judgment against Defendant, Clear Wire in a sum in excess Fifty Thousand ($50,000.00) Dollars.

## COUNT XVI
### PLAINTIFF, CARA ZARZECKI V.
### DEFENDANT, CLEARWIRE US, LLC

82.    Plaintiff, CARA ZARZECKI incorporate herein by reference paragraphs 1 through 81 inclusive as fully as though the same were set forth herein at length.

83.    As a direct result of the aforesaid circumstances, Plaintiff CARA ZARZECKI as wife of STANLEY J. ZARZECKI, have been and will in the future be deprived of the aid, comfort, society and companionship of her husband STANLEY J. ZARZECKI.

WHEREFORE, Plaintiff CARA ZARZECKI demand judgment against Defendant, Clearwire US, LLC in a sum in excess Fifty Thousand ($50,000.00) Dollars.

## COUNT XVII
### PLAINTIFF, CARA ZARZECKI, ADMINISTRATRIX OF

Case ID: 110402174

<u>THE ESTATE OF STANLEY J. ZARZECKI, and CARA ZARZECKI, Individually in her own right</u>
<u>v. DEFENDANTS, WALNUT PARK PLAZA LLC a/k/a WALNUT PARK PLAZA APARTMENTS, EQUITY MANAGEMENT II, LCC, CLEARWIRE US, LLC, AND CLEAR WIRELESS LLC</u>

84.    Plaintiff, CARA ZARZECKI, by and for the Estate of STANLEY J. ZARZECKI, as well as CARA ZARZECKI individually, incorporates herein by reference paragraphs 1 through 83, inclusive, as fully as though same were set forth at length.

WHEREFORE, Plaintiff, CARA ZARZECKI, by and for the Estate of STANLEY J. ZARZECKI, and CARA ZARZECKI individually, hereby demand judgment against Defendants, jointly and/or severally in the sum in excess of Fifty Thousand ($50,000.00) Dollars.

FURIA AND TURNER

By: _____
JAMES M. TURNER, JR., ESQUIRE
Attorney for Plaintiffs

DATED: 4-19-11

# VERIFICATION

I, JAMES M. TURNER, JR., ESQUIRE hereby verifies that he is the attorney for Plaintiff(s) in the within action, and that the facts set forth in foregoing Pleading is true and correct to the best of his knowledge, information and belief. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

JAMES M. TURNER, JR., ESQUIRE

# State of New Jersey
# Gloucester County Surrogate's Court

In the Matter of the Estate of
Stanley J. Zarzecki, Deceased

### ADMINISTRATION
### SHORT CERTIFICATE

I, Helene M. Reed, Surrogate of the County of Gloucester, do certify that Letters of Administration of the decedent, intestate, late of Gloucester County, on 7th day of January 2011, were granted by the Gloucester County Surrogate's Court to Cara Zarzecki who is (are) duly authorized to administer the same agreeably to law; and I further certify that said letters as appears from the records of this Court have never been revoked and still remain in full force and effect.

WITNESS my hand and seal of office, this

7th day of January 2011

Helene M. Reed, Surrogate





Administration Short Certificate

Case ID: 110402174

.

# EXHIBIT "B"

LAW OFFICES OF MICHAEL J. DUNN, LLC
By: Michael J. Dunn, Esquire
I.D.#: 44893
1520 Locust Street, Suite 501
Philadelphia, PA 19102
(215) 545-3333



Attorney for Defendants, Walnut Park Plaza, LLC and Equity Management II, LLC

| | |
|---|---|
| CARA ZARZECKI, Administratrix of the Estate of Stanley J. Zarzecki and CARA ZARZECKI, individually and in her own right | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiffs | APRIL TERM, 2011 |
| vs. | NO. 002174 |
| WALNUT PARK PLAZA, LLC; EQUITY MANAGEMENT II, LLC; CLEARWIRE US, LLC; and CLEAR WIRELESS, LLC; | |
| Defendants | |

TO THE PROTHONOTARY:

### ENTRY OF APPEARANCE

Kindly enter the undersigned counsel's appearance on behalf of the defendants, Walnut

Park Plaza, LLC and Equity Management II, LLC.

### DEMAND FOR JURY TRIAL

Defendants, Walnut Park Plaza, LLC and Equity Management II, LLC, hereby demand a

jury of 12 plus 2 alternatives in the above-captioned matter.

LAW OFFICES OF MICHAEL J. DUNN, LLC

Dated: 5/18/11

BY: _____
MICHAEL J. DUNN, ESQUIRE
Attorney for Defendants, Walnut Park Plaza, LLC
and Equity Management II, LLC

# EXHIBIT "C"

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 110402174 |
| **Case Caption:** | ZARZECKI ETAL VS WALNUT PARK PLAZA, LLC ETAL |
| **Filing Date:** | Tuesday , April 19th, 2011 |
| **Court:** | JS - MAJOR JURY-STANDARD |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | 2O - PERSONAL INJURY - OTHER |
| **Status:** | CLWCM - WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A39738 | TURNER,JR, JAMES M |
| **Address:** FURIA AND TURNER 1719 RITTENHOUSE SQUARE PHILADELPHIA PA 19103 (215)985-4500 | | | **Aliases:** *none* | | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @6940464 | ZARZECKI, CARA |
| **Address:** 2 SCHOLLCREST AVENUE DEPTFORD NJ 08096 | | | **Aliases:** *none* | | |
| | | | | | |
| 3 | 1 | | EXECUTRIX - PLAINTIFF | @6940465 | ZARZECKI, CARA |
| **Address:** 2 SCHOLLCREST | | | **Aliases:** *none* | | |

| | | | | | |
|---|---|---|---|---|---|
| | AVENUE DEPTFORD NJ 08096 | | | | |
| 4 | 9 | | DEFENDANT | @6940466 | WALNUT PARK PLAZA, LLC |
| Address: | 6250 WALNUT STREET PHILADELPHIA PA 19139 | | Aliases: | none | |
| 5 | 9 | | DEFENDANT | @6940467 | EQUITY MANAGEMENT II, LLC |
| Address: | 6250 WALNUT STREET PHILADELPHIA PA 19139 | | Aliases: | none | |
| 6 | | | DEFENDANT | @6940468 | CLEARWIRE US LLC |
| Address: | 4400 CARILLON POINT KIRKLAND WA 98033 | | Aliases: | none | |
| 7 | | | DEFENDANT | @6940469 | CLEAR WIRELESS, LLC |
| Address: | 4400 CARILLON POINT KIRKLAND WA 98033 | | Aliases: | none | |
| 8 | | | TEAM LEADER | J280 | MANFREDI, WILLIAM J |
| Address: | 510 CITY HALL PHILADELPHIA PA 19107 (215)686-3718 | | Aliases: | none | |
| 9 | | | ATTORNEY FOR | A44893 | DUNN, MICHAEL J |

| | | | DEFENDANT | | |
|---|---|---|---|---|---|
| Address: | LAW OFFICES OF MICHAEL J DUNN 1520 LOCUST STREET, SUITE 501 PHILADELPHIA PA 19102 (215)545-3333 | | Aliases: | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 19-APR-2011 04:09 PM | ACTIV - ACTIVE CASE | | | 19-APR-2011 04:14 PM |
| Docket Entry: | E-Filing Number: 1104031944 | | | |
| | | | | |
| 19-APR-2011 04:09 PM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | TURNER,JR, JAMES M | | 19-APR-2011 04:14 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 19-APR-2011 04:09 PM | CMPLT - COMPLAINT FILED NOTICE GIVEN | TURNER,JR, JAMES M | | 19-APR-2011 04:14 PM |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 19-APR-2011 04:09 PM | SSCG4 - SHERIFF'S SURCHARGE 4 DEFTS | TURNER,JR, JAMES M | | 19-APR-2011 04:14 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 19-APR-2011 04:09 PM | JURYT - JURY TRIAL PERFECTED | TURNER,JR, JAMES M | | 19-APR-2011 04:14 PM |
| Docket Entry: | 12 JURORS REQUESTED. | | | |

| 19-APR-2011 04:09 PM | CLWCM - WAITING TO LIST CASE MGMT CONF | TURNER,JR, JAMES M | | 19-APR-2011 04:14 PM |
|---|---|---|---|---|
| **Docket Entry:** | *none.* | | | |

| 04-MAY-2011 12:49 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | TURNER,JR, JAMES M | | 04-MAY-2011 01:06 PM |
|---|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON WALNUT PARK PLAZA, LLC BY PERSONAL SERVICE ON 04/26/2011 FILED. (FILED ON BEHALF OF CARA ZARZECKI AND CARA ZARZECKI) | | | |

| 04-MAY-2011 12:50 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | TURNER,JR, JAMES M | | 04-MAY-2011 01:05 PM |
|---|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CLEARWIRE US LLC BY CERTIFIED MAIL ON 04/26/2011 FILED. (FILED ON BEHALF OF CARA ZARZECKI AND CARA ZARZECKI) | | | |

| 04-MAY-2011 12:52 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | TURNER,JR, JAMES M | | 04-MAY-2011 01:02 PM |
|---|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON CLEAR WIRELESS, LLC BY CERTIFIED MAIL ON 04/26/2011 FILED. (FILED ON BEHALF OF CARA ZARZECKI AND CARA ZARZECKI) | | | |

| 04-MAY-2011 01:01 PM | AFDVT - AFFIDAVIT OF SERVICE FILED | TURNER,JR, JAMES M | | 04-MAY-2011 01:02 PM |
|---|---|---|---|---|
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON EQUITY MANAGEMENT II, LLC BY PERSONAL SERVICE ON 04/26/2011 FILED. (FILED ON BEHALF OF CARA ZARZECKI AND CARA ZARZECKI) | | | |

| 12-MAY-2011 04:35 PM | ENAPP - ENTRY OF APPEARANCE FILED | DUNN, MICHAEL J | | 13-MAY-2011 08:47 AM |
|---|---|---|---|---|
| **Docket Entry:** | ENTRY OF APPEARANCE OF MICHAEL J DUNN FILED. (FILED ON BEHALF OF EQUITY MANAGEMENT II, LLC AND WALNUT PARK PLAZA, LLC) | | | |

| 12-MAY-2011 04:35 PM | JURYT - JURY TRIAL PERFECTED | | | 13-MAY-2011 08:47 AM |
|---|---|---|---|---|
| Docket Entry: | 12 JURORS REQUESTED. | | | |

## CERTIFICATE OF SERVICE

I, Michael J. Dunn, Esquire, attorney for defendants, Walnut Park Plaza, LLC and Equity

Management II, LLC, hereby certify that I served a true copy of the foregoing Notice of Removal on

the following via regular mail on May 18, 2011:

>James M. Turner, Esquire
>FURIA AND TURNER
>1719 Rittenhouse Square
>Philadelphia, PA 19103
>Attorney for Plaintiffs, Estate of Stanley J. Zarzecki and Cara Zarzecki

>John G. Papianou, Esquire
>Montgomery, McCracken, Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>Attorney for Defendants, Clearwire US, LLC and Clear Wireless, LLC

MICHAEL J. DUNN, ESQUIRE