**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| CARA ZARZECKI, Administratrix of the Estate of Stanley J. Zarzecki and CARA ZARZECKI, individually and in her own right   : : : : : | CIVIL ACTION NO. 11-cv-03308 |
|            Plaintiffs  : : | |
| vs.  : : | |
| WALNUT PARK PLAZA, LLC; EQUITY MANAGEMENT II, LLC; CLEARWIRE US, LLC; and CLEAR WIRELESS, LLC;  : : : : | |
|            Defendants  : | |

---

**ANSWER OF DEFENDANTS CLEARWIRE US, LLC
AND CLEAR WIRELESS, LLC TO PLAINTIFFS' COMPLAINT**

Defendants Clearwire US, LLC and Clear Wireless, LLC (collectively, "Clearwire") respond to Plaintiffs' Complaint as follows:

**<u>ANSWER</u>**

**<u>COMPLAINT IN CIVIL ACTION</u>**

1.      After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, which allegations are therefore denied.

2.      After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, which allegations are therefore denied.

3.      After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, which allegations are therefore denied.

4.      After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, which allegations are therefore denied.

5.      Admitted in part; denied in part.  It is admitted only that Clearwire US, LLC does business in the Commonwealth of Pennsylvania and that its principal place of business is located at 4400 Carillon Point, Kirkland, Washington.  The remaining allegations of paragraph 5 are denied.

6.      Admitted in part; denied in part.  It is admitted only that Clear Wireless, LLC does business in the Commonwealth of Pennsylvania and that its principal place of business is located at 4400 Carillon Point, Kirkland, Washington.  The remaining allegations of paragraph 6 are denied.

7.      Admitted in part; denied in part.  It is admitted only that Stanley J. Zarzecki suffered catastrophic injuries on or about June 24, 2010.  After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, which allegations are therefore denied.

## COUNT I

## PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

8.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

9.      Denied.  The allegations contained in paragraph 9 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

10.     Denied.  The allegations in paragraph 10 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT II

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT EQUITY MANAGEMENT II, LCC

11.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

12.     Denied.  The allegations contained in paragraph 12 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

13.     Denied.  The allegations in paragraph 13 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT III

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEARWIRE US, LLC

14.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

15.     Denied.

16.     Denied.  The allegations of paragraph 16 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations of paragraph 16 of the Complaint are denied.  By way of further answer, at all relevant times, Clearwire US, LLC acted properly and in accordance with the applicable standard of care.

**WHEREFORE**, Clearwire US, LLC respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT IV

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS, LLC

17.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

18.     Denied.

19.     Denied.  The allegations of paragraph 19 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations of paragraph 19 of the Complaint are denied.  By way of further answer, at all

relevant times, Clear Wireless, LLC acted properly and in accordance with the applicable standard of care.

**WHEREFORE**, Clear Wireless, LLC respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT V

## PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

20.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

21.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, which allegations are therefore denied.

22.     The allegations of paragraph 22 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, which allegations are therefore denied.

23.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 23 are denied.

24.     The allegations in paragraph 24 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

25.     Denied.  The allegations contained in paragraph 25 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.  To the extent a response is

deemed necessary, the allegations of paragraph 25 of the Complaint are denied.  By way of further answer, at all relevant times, Clearwire acted properly and in accordance with the applicable standard of care.

26.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, which allegations are therefore denied.

27.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT VI

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

28.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

29.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 29 are denied.

30.     The allegations of paragraph 30 of the Complaint constitute conclusions of law to which no response is required.

31.     The allegations of paragraph 31 of the Complaint constitute conclusions of law to which no response is required.

32.     The allegations of paragraph 32 of the Complaint constitute conclusions of law to which no response is required.

33.     The allegations of paragraph 33 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

**COUNT VII**

**PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF<br/>STANLEY J. ZARZECKI vs DEFENDANT, EQUITY MANAGEMENT II, LCC**

34.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

35.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, which allegations are therefore denied.

36.     The allegations of paragraph 36 of the Complaint constitute conclusions of law to which no response is required.

37.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 37 are denied.

38.     The allegations in paragraph 38 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

39.     The allegations of paragraph 39 of the Complaint constitute conclusions of law to which no response is required.

40.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, which allegations are therefore denied.

41.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT VIII

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, EQUITY MANAGEMENT II, LCC

42.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

43.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 43 are denied.

44.     The allegations of paragraph 44 of the Complaint constitute conclusions of law to which no response is required.

45.     The allegations of paragraph 45 of the Complaint constitute conclusions of law to which no response is required.

46.     The allegations of paragraph 46 of the Complaint constitute conclusions of law to which no response is required.

47.     The allegations of paragraph 47 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT IX

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEARWIRE US, LLC

48.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

49.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint, which allegations are therefore denied.

50.     The allegations of paragraph 50 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations of paragraph 50 of the Complaint are denied.  By way of further answer, at all relevant times, Clearwire acted properly and in accordance with the applicable standard of care.

51.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 51 are denied.

52.     Admitted.

53.     The allegations of paragraph 53 of the Complaint constitute conclusions of law to which no response is required.

54.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the Complaint, which allegations are therefore denied.

55.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

**COUNT X**

**PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF
STANLEY J. ZARZECKI vs DEFENDANT, CLEARWIRE US, LLC**

56.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

57.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 57 are denied.

58.     The allegations of paragraph 58 of the Complaint constitute conclusions of law to which no response is required.

59.     The allegations of paragraph 59 of the Complaint constitute conclusions of law to which no response is required.

60.     The allegations of paragraph 60 of the Complaint constitute conclusions of law to which no response is required.

61.     The allegations of paragraph 61 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XI

## <u>PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF<br>STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS LLC</u>

62.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

63.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint, which allegations are therefore denied.

64.     The allegations of paragraph 64 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed necessary, the allegations of paragraph 64 of the Complaint are denied.  By way of further answer, at all relevant times, Clearwire acted properly and in accordance with the applicable standard of care.

65.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 65 are denied.

66.     Admitted.

67.     The allegations of paragraph 67 of the Complaint constitute conclusions of law to which no response is required.

68.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, which allegations are therefore denied.

69.     After reasonable investigation, Clearwire is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and

against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XII

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS LLC

70.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

71.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action.  The remaining allegations of paragraph 71 are denied.

72.     The allegations of paragraph 72 of the Complaint constitute conclusions of law to which no response is required.

73.     The allegations of paragraph 73 of the Complaint constitute conclusions of law to which no response is required.

74.     The allegations of paragraph 74 of the Complaint constitute conclusions of law to which no response is required.

75.     The allegations of paragraph 75 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XIII

### PLAINTIFF, CARA ZARZECKI
### V. DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

76.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

77.     The allegations in paragraph 77 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper

## COUNT XIV

### PLAINTIFF, CARA ZARZECKI
### V. DEFENDANT, EQUITY MANAGEMENT II, LCC

78.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

79.     The allegations in paragraph 79 of the Complaint are directed at a party other than Clearwire; therefore, no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XV

### PLAINTIFF, CARA ZARZECKI
### V. DEFENDANT CLEAR WIRE

80.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

81.    The allegations of paragraph 81 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XVI

### PLAINTIFF, CARA ZARZECKI
### V. DEFENDANT, CLEARWIRE US, LLC

82.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

83.    The allegations of paragraph 83 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

## COUNT XVII

### PLAINTIFF, CARA ZARZECKI, ADMINISTRATRIX OF THE ESTATE OF STANLEY J. ZARZECKI, and CARA ZARZECKI, individually in her own right v. DEFENDANTS, WALNUT PARK PLAZA LLC a/k/a WALNUT PARK PLAZA APARTMENTS, EQUITY MANAGEMENT II, LCC, CLEARWIRE US, LLC, AND CLEAR WIRELESS LLC

84.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

**WHEREFORE**, Clearwire respectfully requests that judgment be entered in its favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys' fees, as the Court deems just and proper.

### AFFIRMATIVE DEFENSE

1.     Plaintiffs' Complaint fails to state a claim for which relief can be granted.

2.     Plaintiffs' claims are barred, in whole or in part, because, at all times material hereto, Clearwire acted reasonably, promptly, appropriately, and in accordance with the applicable standard of care.

3.     Clearwire breached no duty or obligation that may have been owed to Plaintiffs.

4.     Clearwire is not liable to Plaintiffs because they are derivative of decedent's injuries and decedent willingly, knowingly, and voluntarily assumed the risk of his alleged injuries and damages.

5.     Plaintiffs' claims are barred, in whole or in part, because the incident, injuries, and/or damages that Plaintiffs allege they sustained were not directly or proximately caused by Clearwire, by Clearwire's actions or inactions, or by the actions or inactions of any of

Clearwire's agents, servants, employees, or others over whom Clearwire had control or right of control.

6.     Plaintiffs' claims are barred in whole or in part because any injuries or damages sustained by Plaintiffs were a direct and proximate result of acts of God.

7.     Plaintiffs' claims are barred in whole or in part because Plaintiffs' injuries and/or damages were caused by intervening or superseding events, factors, occurrences, conditions, or causes, which were in no way caused by Clearwire and for which Clearwire is not liable.

8.     The alleged damages of Plaintiffs were directly and proximately caused by the superseding, intervening acts, and conduct of decedent himself, over which Clearwire had no control, whereby Plaintiffs are precluded from any recovery against Clearwire.

9.     Some or all of Plaintiffs' claims are barred, in whole or part, or otherwise subject to reduction pursuant to the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. Cons. Stat. § 7102 and/or the doctrine of comparative negligence.  Clearwire asserts all rights, privileges, and defenses under the Pennsylvania Comparative Negligence Act, including, but not limited to, any limitation of damages and/or limitation of Plaintiffs' right to recover on their claims.

10.    Plaintiffs' claims are barred, reduced, and/or limited, in whole or in part, by the doctrine of contributory negligence.

11.    Clearwire is not subject to liability for this accident by reason of all applicable provisions of the Restatement (Second) of Torts.

12.    Clearwire is not subject to liability for this accident by reason of all applicable provisions of the Restatement (Third) of Torts.

13.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate any damages allegedly sustained.

14.     Plaintiffs have suffered no injury or damages as a result of any acts or omissions by Clearwire or any acts or omissions by Clearwire's employees, agents, servants, or others over whom Defendants had control or right of control.

15.     Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as insurance or social security.

16.     Plaintiffs' injuries and damages are barred, in whole or in part, by the acts, omissions, and/or conduct of third parties and, thus, any recovery should be reduced or barred by such parties' proportionate fault.

17.     Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

18.     Clearwire adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Clearwire.


/s/ John G. Papianou

MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109
Tel:    (215) 772-1500
Fax:    (215) 772-7620

Attorneys for Defendants
CLEARWIRE US, LLC
CLEAR WIRELESS, LLC

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 27, 2011, I filed the foregoing Answer of Defendants Clearwire US,

LLC and Clear Wireless, LLC using the Court's CM/ECF system, which will send e-mail

notification of the filing to all counsel of record.  These documents are available for viewing and

downloading via the CM/ECF system.

I further certify that on May 27, 2011, I served the foregoing Answer by U.S. Mail on the

following:

James M. Turner, Jr.
Furia and Turner
1719 Rittenhouse Square
Philadelphia, PA 19103

*Attorney for Plaintiffs*


/s/ John G. Papianou