**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARA ZARZECKI, Administratrix of the Estate of Stanley J. Zarzecki and CARA ZARZECKI, individually and in her own right | : : : : : | |
| Plaintiffs | : : | CIVIL ACTION NO. 11-cv-03308 |
| vs. | : : | |
| WALNUT PARK PLAZA, LLC; EQUITY MANAGEMENT II, LLC; CLEARWIRE US, LLC; and CLEAR WIRELESS, LLC; | : : : : | |
| Defendants | : : | |

**ANSWER OF DEFENDANTS WALNUT PARK PLAZA, LLC AND EQUITY MANAGEMENT II, LLC TO PLAINTIFFS COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSSCLAIMS**

Defendants Walnut Park Plaza, LLC and Equity Management II, LLC (at times collectively referred to hereafter as "Answering Defendants"), respond to Plaintiffs' Complaint as follows:

1.    Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, which allegations are therefore denied.

2.    Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, which allegations are therefore denied.

3.    Denied.    The phrase "at all times relevant" herein is not properly defined, and therefore the averments of this paragraph are denied.  Walnut Park Plaza, LLC is a Limited Liability

Company organized and existing under the laws of the State of New York with a registered business address in New York, and is the present owner of the Walnut Park Plaza Apartments located at 6250 Walnut Street, Philadelphia, PA.

4.      Denied.   The phrase "at all times relevant" herein is not properly defined, and therefore the averments of this paragraph are denied.   Equity Management II, LLC is a Limited Liability Company organized and existing under the laws of the State of Maryland with a registered business address in Maryland, and is the present property manager of the Walnut Park Plaza Apartments located at 6250 Walnut Street, Philadelphia, PA.

5.      Denied. The allegations in paragraph 5 of the Complaint are directed at a party other than Answering Defendants; therefore, no response is required.

6.      Denied. The allegations in paragraph 6 of the Complaint are directed at a party other than Answering Defendants; therefore, no response is required.

7.      Admitted in part; denied in part. It is admitted only that Stanley J. Zarzecki suffered catastrophic injuries on or about June 24, 2010.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 of the Complaint, which allegations are therefore denied.

### COUNT I

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

8.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

9.      Denied.   The allegations of paragraph 9 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations

of paragraph 9 of the Complaint are denied.  Answering Defendants deny any and all allegations of negligence.

10.     Denied.  The allegations of paragraph 10 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 10 of the Complaint are denied.  Answering Defendants deny any and all allegations of negligence.

WHEREFORE, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT II

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT EQUITY MANAGEMENT II, LCC

11.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

12.     Denied.  The allegations of paragraph 12 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 12 of the Complaint are denied.  Answering Defendants deny any and all allegations of negligence.

13.     Denied.  The allegations of paragraph 13 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations of paragraph 13 of the Complaint are denied.  Answering Defendants deny any and all allegations of negligence.

WHEREFORE, defendants Walnut Park Plaza, LLC and Equity Management II, LLC

respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT III

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs. DEFENDANT, CLEARWIRE US, LLC

14.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

15.     Denied. The allegations in paragraph 15 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

16.     Denied. The allegations in paragraph 16 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully requests that judgment be entered in their  favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT IV

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS, LLC

17.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

18.     Denied. The allegations in paragraph 18 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required

19.     Denied. The allegations in paragraph 19 of the Complaint are directed at a party other

than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT V

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OFSTANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

20.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

21.     Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, which allegations are therefore denied.

22.     Denied.  The allegations of paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, which allegations are therefore denied.

23.     Admitted in part; denied in part.  It is admitted only that Plaintiff, Cara Zarzecki, brought this action. The remaining allegations of paragraph 23 are denied as conclusions of law.

24.     Denied.  The allegations of paragraph 24 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, which allegations are therefore denied.

25.     Denied.  The allegations of paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed necessary, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, which allegations are therefore denied.

26.     Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, which allegations are therefore denied.

27.     Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT VI

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OFSTANLEY J. ZARZECKI vs DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

28.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

29.     Admitted in part; denied in part. It is admitted only that Plaintiff, Cara Zarzecki, brought this action. The remaining allegations of paragraph 29 are denied as conclusions of law.

30.     Denied.  The allegations of paragraph 30 of the Complaint constitute conclusions of law to which no response is required.

31.      Denied.  The allegations of paragraph 31 of the Complaint constitute conclusions of law to which no response is required.

32.      Denied.  The allegations of paragraph 32 of the Complaint constitute conclusions of law to which no response is required.

33.      Denied.  The allegations of paragraph 33 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

**COUNT VII**

**<u>PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J.
ZARZECKI vs DEFENDANT, EQUITY MANAGEMENT II, LCC</u>**

34.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

35.      Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, which allegations are therefore denied.

36.      Denied.  The allegations of paragraph 36 of the Complaint constitute conclusions of law to which no response is required.

37.      Admitted in part; denied in part. It is admitted only that Plaintiff, Cara Zarzecki, brought this action. The remaining allegations of paragraph 37 are denied as conclusions of law.

38.      Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph

38 of the Complaint, which allegations are therefore denied.

39.   Denied.  The allegations of paragraph 39 of the Complaint constitute conclusions of law to which no response is required.

40.   Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, which allegations are therefore denied.

41.   Denied.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully requests that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT VIII

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, EQUITY MANAGEMENT II, LCC

42.   The preceding paragraphs are incorporated by reference as though fully set forth herein.

43.   Admitted in part; denied in part. It is admitted only that Plaintiff, Cara Zarzecki, brought this action. The remaining allegations of paragraph 43 are denied as conclusions of law.

44.   Denied.  The allegations of paragraph 44 of the Complaint constitute conclusions of law to which no response is required.

45.   Denied.  The allegations of paragraph 45 of the Complaint constitute conclusions of law to which no response is required.

46.     Denied.  The allegations of paragraph 46 of the Complaint constitute conclusions of law to which no response is required.

47.     Denied.  The allegations of paragraph 47 of the Complaint constitute conclusions of law to which no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

**COUNT IX**

**PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEARWIRE US, LLC**

48.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

49.     Denied. The allegations in paragraph 49 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

50.     Denied. The allegations in paragraph 50 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

51.     Denied. The allegations in paragraph 51 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

52.     Denied. The allegations in paragraph 52 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

53.     Denied. The allegations in paragraph 53 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

54.     Denied. The allegations in paragraph 54 of the Complaint are directed at a party other

than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

55. Denied. The allegations in paragraph 55 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT X

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEARWIRE US, LLC

56. The preceding paragraphs are incorporated by reference as though fully set forth herein.

57. Denied. The allegations in paragraph 57 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

58. Denied. The allegations in paragraph 58 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

59. Denied. The allegations in paragraph 59 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

60. Denied. The allegations in paragraph 60 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

61. Denied. The allegations in paragraph 61 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request

such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XI

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS LLC

62.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

63.      Denied. The allegations in paragraph 63 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

64.      Denied. The allegations in paragraph 64 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

65.      Denied. The allegations in paragraph 65 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

66.      Denied. The allegations in paragraph 66 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

67.      Denied. The allegations in paragraph 67 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

68.      Denied. The allegations in paragraph 68 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

69.      Denied. The allegations in paragraph 69 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and

proper .

## COUNT XII

### PLAINTIFF, CARA ZARZECKI by and for the ESTATE OF STANLEY J. ZARZECKI vs DEFENDANT, CLEAR WIRELESS LLC

70.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

71.     Denied. The allegations in paragraph 71 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

72.     Denied. The allegations in paragraph 72 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

73.     Denied. The allegations in paragraph 73 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

74.     Denied. The allegations in paragraph 74 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

75.     Denied. The allegations in paragraph 75 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XIII

### PLAINTIFF, CARA ZARZECKI v.  DEFENDANT, WALNUT PARK PLAZA, LLC a/k/a WALNUT PARK PLAZA APARTMENTS

76.     The preceding paragraphs are incorporated by reference as though fully set forth

herein.

77.     Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XIV

### PLAINTIFF, CARA ZARZECKI  DEFENDANT, EQUITY MANAGEMENT II, LCC

78.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

79.     Denied.    After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the Complaint, which allegations are therefore denied.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XV

### PLAINTIFF, CARA ZARZECKI V. DEFENDANT CLEAR WIRE

80.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

81.     Denied. The allegations in paragraph 81 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XVI

### PLAINTIFF, CARA ZARZECKI v.  DEFENDANT, CLEARWIRE US, LLC

82.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

83.     Denied. The allegations in paragraph 83 of the Complaint are directed at a party other than Walnut Park Plaza, LLC and Equity Management II, LLC; therefore, no response is required.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## COUNT XVII

### PLAINTIFF, CARA ZARZECKI, ADMINISTRATRIX OFTHE ESTATE OF STANLEY J. ZARZECKI, and CARA ZARZECKI, individually in her own right v. DEFENDANTS, WALNUT PARK PLAZA LLC a/k/a WALNUT PARK PLAZA APARTMENTS, EQUITY MANAGEMENT II, LCC, CLEARWIRE US, LLC, AND CLEAR WIRELESS LLC

84.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC

respectfully request that judgment be entered in their favor and against Plaintiffs, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages sustained were not directly or proximately caused by Walnut Park Plaza, LLC and/or Equity Management II, LLC, nor by the actions or inactions of any Walnut Park Plaza, LLC and/or Equity Management II, LLC agent, servant, employee, or others over whom Walnut Park Plaza, LLC and/or Equity Management II, LLC  had control or right of control.

2.      Plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages were caused by intervening or superseding events, factors, occurrences, conditions, or causes which were in no way caused by Walnut Park Plaza, LLC and Equity Management II, LLC  and for which Walnut Park Plaza, LLC and Equity Management II, LLC are not liable.

3.      Plaintiffs's damages were directly and proximately caused by the conduct of decedent himself, over which Walnut Park Plaza, LLC and Equity Management II, LLC had no control, as a result of which Plaintiffs are precluded from any recovery against Walnut Park Plaza, LLC and/or Equity Management II, LLC.

4.      Plaintiffs' Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

5.      Plaintiffs' claims are barred, in whole or in part, because at all relevant times, Walnut Park Plaza, LLC and Equity Management II, LLC  acted reasonably, promptly, appropriately, and in accordance with the applicable standard of care.

6.      Walnut Park Plaza, LLC and Equity Management II, LLC breached no duty or

obligation that may have been owed to Plaintiffs.

7.    Walnut Park Plaza, LLC and Equity Management II, LLC are not liable to Plaintiffs because Plaintiffs' claims are derivative of decedent's claims and decedent willingly, knowingly, and voluntarily assumed the risk of his alleged injuries and damages.

8.    Plaintiffs' claims are barred, in whole or in part, or otherwise subject to reduction pursuant to the provisions of the Pennsylvania Comparative Negligence Act, 42 Pa. Cons. Stat. § 7102 and/or the doctrine of comparative negligence. Defendants Walnut Park Plaza, LLC and Equity Management II, LLC assert all rights, privileges, and defenses under the Pennsylvania Comparative Negligence Act, including but not limited to any limitation of damages and/or limitation of Plaintiffs' right to recover on their claims.

9.    Plaintiffs' claims are barred, reduced, and/or limited, in whole or in part, by the doctrine of contributory negligence.

10.    Walnut Park Plaza, LLC and Equity Management II, LLC  is not subject to liability for this accident by reason of all applicable provisions of the Restatement (Second) of Torts.

11.    Walnut Park Plaza, LLC and Equity Management II, LLC  is not subject to liability for this accident by reason of all applicable provisions of the Restatement (Third) of Torts.

12.    Plaintiffs have suffered no injury or damages as a result of any acts or omissions by Walnut Park Plaza, LLC and Equity Management II, LLC or any acts or omissions by Walnut Park Plaza, LLC and Equity Management II, LLC's employees, agents, servants, or others over whom Defendants had control or right of control.

13.    Any verdict or judgment recovered by Plaintiffs must be reduced by those amounts that have already indemnified or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as

insurance or Social Security.

14.     Plaintiffs' damage claims are barred, in whole or in part, by the acts, omissions, and/or conduct of third parties over whom Answering Defendants had no control or right of control.

15.     Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

16.     Walnut Park Plaza, LLC and Equity Management II, LLC adopts and incorporates by reference any affirmative defense asserted by any other defendant to this action, to the extent such affirmative defense applies to Walnut Park Plaza, LLC and Equity Management II, LLC.

17.     Walnut Park Plaza, LLC and Equity Management II, LLC , upon advice of counsel, hereby assert all affirmative defenses not otherwise enumerated herein, said defenses include, *inter alia*, estoppel, immunity from suit, release, statute of limitations, laches, subject to demonstration during the discovery process and proof at the time of trial.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC respectfully request that judgment be entered in their favor and against all other parties, and further request such other relief, together with costs, disbursements, and attorneys fees, as the Court deems just and proper.

## CROSSCLAIM AGAINST CLEARWIRE US, LLC and CLEAR WIRELESS, LLC

1.     Answering defendants  incorporate by reference their Answer with Affirmative Defenses to plaintiff's Complaint, above, as fully as though same were set forth at length herein.

2.     In the event that Plaintiffs' claims or injuries/damages are proven true at trial, said injuries/damages being specifically denied, then Answering Defendants aver that defendants Clearwire US, LLC and/or Clear Wireless, LLC are alone liable to plaintiffs, jointly and/or severally liable to plaintiffs, and/or liable over to Answering Defendants upon plaintiffs' claims.

3.      If Answering Defendants are held liable to plaintiffs for all or part of such injuries and damages as claimed by plaintiffs, then defendants Clearwire US, LLC and Clear Wireless, LLC are liable to Answering Defendants by way of contribution and indemnification, contractual or otherwise.

4.      If plaintiffs' allegations are proven to be true, Answering Defendants deny liability for same and maintain in the alternative that a cause thereof was the negligence and/or carelessness and/or other liability producing conduct and/or breach of contract of one or more of the co-defendants, their agents, employees, servants and/or workmen.  As a result, one or more of said co-defendant(s) are alone liable to plaintiff, jointly and/or severally liable with defendant, and/or liable over to Answering Defendants for any and all monies required to be paid, along with attorney's fees, costs and such other relief as the Court deems appropriate.

**WHEREFORE**, defendants Walnut Park Plaza, LLC and Equity Management II, LLC demand that judgment be entered in their favor on their Crossclaims, and that all causes of action asserted against them be dismissed, with prejudice.

LAW OFFICES OF MICHAEL J. DUNN, LLC

Dated:  June 7, 2011                     BY:____/s/Michael J. Dunn, Esquire_____
                                         MICHAEL J. DUNN, ESQUIRE
                                         1520 Locust Street, Suite 501
                                         Philadelphia, PA 19102
                                         (215) 545-3333
                                         Attorney for Defendants, Walnut Park Plaza, LLC and
                                         Equity Management II, LLC